# CASES AT LAW

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF. NEW JERSEY,

NOVEMBER TERM, 1898.

---

THE MAYOR AND CITY COUNCIL OF DOVER, IN THE
COUNTY OF MORRIS, PLAINTIFFS IN ERROR, v.
SAMUEL H. GREY, ATTORNEY-GENERAL, DEFEND-
ANT IN ERROR.

Argued November 17, 1898—Decided March 6, 1899.

By an act entitled "An act authorizing any town, township or borough, or
part thereof, containing a population exceeding five thousand inhab-
itants, to be incorporated as a city after a vote of the people and pro-
viding for the government and powers of such cities," approved March
22d, 1895 (*Pamph. L., p.* 506), it is provided that the inhabitants of
any "town or borough, or of any township or part thereof," which had
by the United States census of 1890, or which may have by any state
or national census, a population exceeding five thousand, may become
a body corporate by name 'the mayor and city council of ———'"
whenever at an election prescribed it shall be so decided by a majority
of the voters, to which city none of the provisions of any general or
special laws relative to cities in this state shall apply, nor shall any
such act thereafter apply unless the same shall be a supplement to the
act in question or be made applicable to cities incorporated under
it, is repugnant to the provisions of the constitution which prohibit
the enactment of private, local or special laws to regulate the internal
affair of towns and counties, in that

647

1. The classification it adopts does not in any degree justify the restriction of the powers and forms of government given to the cities it creates, and

2. It does not exhibit a substantial distinction, with reference to those powers and that form of government, between such cities and other cities of equal population and of similar location and needs.

On error to the Supreme Court.    For opinion of the Supreme Court, see *ante p.* 40.

For the plaintiff in error, *James H. Neighbour* and *Joseph Coult.*

For the defendant in error, *George T. Werts.*

The opinion of the court was delivered by

THE CHANCELLOR.    The question presented in this case is whether the act of the legislature entitled "An act authorizing any town, township or borough, or part thereof, containing a population exceeding five thousand inhabitants to be incorporated as a city after a vote of the people and providing for the government and powers of such cities," approved March 22d, 1895 (*Pamph. L., p.* 506), is repugnant to the provisions of the constitution which prohibit the enactment of private, local or special laws to regulate the internal affairs of towns and counties and enjoin the enactment of general laws for that purpose.    *Art.* 4, § 7, ¶ 11.

By its first four sections this enactment makes provision for the incorporation of the cities it contemplates.    The inhabitants of any " town or borough, or of any township or part thereof," which had by the United States census of 1890, or which may have by any state or national census, a population exceeding five thousand inhabitants, may become a body corporate by name " the mayor and city council of ——— " (specifying the name to be borne by such city) whenever at an election prescribed it shall be so decided by a majority of the voters, to which city none of the provisions of any general or special act relative to cities in this state shall apply, nor shall any such act thereafter apply unless the same

shall be a supplement to the act in question or be made applicable to cities incorporated under it.

The remaining sections authorize and afford a method for the annexation of territory to a city organized under the enactment and provide that which is obviously intended to be the complete machinery of a city government adaptable, by permissible changes according to variations in population, not only to small but also to large cities, and give commensurate powers.

The constitutional requirement that the object of every law shall be expressed in its title furnishes a short declaration of the legislative purpose of the law and aids in the interpretation of the law. .

It is observed that the title of the enactment now considered states its object to be to authorize any "town, township or borough or part thereof" containing five thousand inhabitants to become a city and to provide government and powers for "*such* cities," and that the first section of the enactment provides that the inhabitants of any "town or borough or of any township or part thereof" with five thousand population pursuing prescribed procedure, may become a city. The city intended is to spring from a lower grade of municipality, the word *town* being used in its restricted sense to designate a particular species of municipality, and not, as in the constitutional clauses considered, in a generic sense. It is not permissible for another city to re-organize under this enactment; neither can any such city have the benefit of the government and powers bestowed by the enactment. They are segregated, as the title states, for "*such cities.*"

If more convincing evidence of the legislative intent to create powers and provide government for a class of cities to be distinct from other cities in this state, be needed, it is supplied at the end of the first section of the act, where it is provided that laws applicable to other cities, though they be general, shall not be applicable to the class of cities intended, unless they shall be expressly made so.

The enactment has a twofold object; it creates cities, and for those created cities alone prescribes machinery of government and bestows powers. It does not rest with the mere creation of the cities and leave their governmental machinery and powers to laws applicable to all cities according to their appropriate classes under the law. Cities created out of smaller municipalities in a prescribed manner, without regard to the maximum population they may have or reach, and without regard to their identity with other cities in population and general requirement, are to have the powers and form of government that this act provides, exclusively. The characteristic which is to serve to separate them from other cities for this distinction is their origin—the fact that belonging to a lower municipality and exceeding in population five thousand inhabitants, by the vote of their people, each became a city.

In view of the numerous adjudications in this state it cannot now be questioned that the enactment in question is a regulation of the internal affairs of towns within the meaning of the constitution. That being so, it is plain that to be sustained the act must be a general one. In *Long Branch* v. *Sloan,* 20 *Vroom* 356, the present Chief Justice said " that a determination whether or not a law is general, will proceed from a consideration both of the purpose of the act and the objects on which it is intended to operate. If the objects are distinguished from others by characteristics evincing a peculiar relation to the legislative purpose, and showing the legislation to be reasonably appropriate to the former and inappropriate to the latter, the objects will be considered, as respects such legislation, to be a class by themselves, and legislation affecting such a class to be general. But if the characteristics used to distinguish the objects to which the legislation applies from others be not germane to the legislative purpose, or do not indicate some reasonable appropriateness in its application, or if objects with similar characteristics and like relation to the legislative purpose have been excluded from the operation of the law, then the classification would

be incomplete and faulty, and the legislation not general, but local and special."

And in *State* v. *Hammer*, 13 *Vroom* 435, *affirmed on error*, 15 *Id.* 667, Chief Justice Beasley said : " The true principle of classification requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which will thus serve as the basis of classification must be of such a nature as to mark the object so designated as peculiarly requiring exclusive legislation. There must be a substantial distinction having a reference to the subject-matter of the proposed legislation between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such in the nature of things as will in some reasonable degree at least, account for or justify the restriction of the legislation."

Applying to the enactment considered these definitions, it is deemed that the classification it adopts does not in any degree justify the restriction of the powers and form of government given to the cities it creates. It does not exhibit a substantial distinction, with reference to those powers and that form of government, between such cities and other cities of equal population and of similar location and needs. Our conclusion is that the enactment is within the inhibition of the constitution.

It is unnecessary to consider whether the latter clauses of the first section of the act, having reference to the application of legislation concerning other cities to the cities created under this act, can be severed from the remainder, for without those clauses the restrictive character of the legislation, as already stated, is apparent.

Let the judgment of the Supreme Court be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, VAN SYCKEL, DIXON, GARRISON, COLLINS, BOGERT, NIXON, ADAMS, VREDENBURGH. 10.

*For reversal*—None.